**UNITED STATES of America,**

v.

**Anthony JOHNSON, Appellant.**

No. 04–2283.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 14, 2005.

Decided July 29, 2005.

---

Anthony J. Wzorek, Office of United States Attorney, Philadelphia, PA, for Appellee.

Peter J. Scuderi, Philadelphia, PA, for Appellant.

Before SLOVITER, McKEE and WEIS, Circuit Judges.

OPINION

MCKEE, Circuit Judge.

Anthony Johnson appeals his conviction for conspiracy to commit interstate transportation of stolen goods and aiding and abetting interstate transportation of stolen goods. For the reasons that follow, we will affirm his conviction, but remand to the District Court for resentencing.

Since we write primarily for the parties who are familiar with the factual and procedural background of this case, we need not reiterate that background except insofar as may be helpful to our brief discussion.

Johnson challenges both his conviction and his sentence. He argues that his conviction should be set aside because the District Court erred in admitting a recording at trial and the court erred in instructing the jury on the level of scrutiny to apply to a cooperating witness' testimony. Both sides agree that we reviewing for an

abuse of discretion. *See United States v. Zehrbach,* 47 F.3d 1252, 1264 (3d Cir.1995); and *United States v. Serafini,* 233 F.3d 758, 768 n. 14 (3d Cir.2000).

The District Court properly instructed the jury to scrutinize the testimony of Eric Gray, Johnson's co conspirator. Johnson argues that the District Court erred in giving only general instructions on witness credibility but saying "nothing of the effect on credibility of a plea agreement, immunized testimony or being an informant." Appellant's Br. at 12. The record belies Johnson's argument.

Gray was vigorously cross-examined about his cooperation, and his plea agreement. Moreover, despite Johnson's statement to the contrary, the court did instruct the jury to carefully scrutinize Gray's testimony. The court explained that plea agreements are an essential part of the criminal justice system and informed the jurors that evidence of a plea,

> is offered only to allow you to assess the credibility of the witness Eric Gray ... The testimony of such a witness should be scrutinized with caution. However, a witness who testifies under a plea agreement with the government is competent to testify, and such testimony may be received into evidence and considered by you even though not corroborated or supported by other evidence. You may give the testimony of a cooperating witness such weight as you feel it deserves. (App.290a.)

We recognized in *United States v. Isaac,* 134 F.3d 199, 204 (3d Cir.1998), that informers and accomplices have an incentive to be dishonest in order to escape prosecution and obtain reduced sentences. The threat that the jury may improperly ignore those incentives is reduced where, as here, the trial court allows the defense counsel broad latitude in probing the witness' credibility and has instructed the jury to consider the motives of those testifying. *Id.* In *Isaac,* we held that a general instruction directing the jury to consider the motives of the speaker in light of the circumstances of the case adequately "put the jury on notice that it had to weigh carefully the possible accomplice's testimony". *Id.* at 205.

Here, the District Court not only instructed the jury to scrutinize every witness under the circumstances their testimony was produced, but the Court also included cautionary instructions focused on Gray's testimony. App. 290a. The court's instruction was clearly sufficient to allow the jury to properly evaluate Gray's testimony given the circumstances of his cooperation. *See Isaac,* 134 F.3d at 205.

On the disputed recording, Johnson's cohort and Johnson discuss the possibility of a plea agreement after the cohort claimed to have seen a videotape of Johnson in the jewelry store. The cohort stated, "that tape ain't in your favor" and they broke into laughter. Appellee Br. 7. Contrary to Johnson's contention, this tape was properly relevant and the District Court did not abuse its discretion in allowing it to be played before the jury.

Relevant evidence is any evidence that tends to make the existence of a material fact more or less likely. Fed.R.Evid. 401. Johnson's discussion, and the responsive laughter on the recording tends to confirm Johnson's presence in the jewelry store. Immediately after the discussion about the surveillance photographs, the two discuss whether a plea agreement is advisable under the circumstances. A reasonable jury could clearly interpret that as evidence that Johnson was depicted in the surveillance photos and that he realized the strength of the evidence of his guilt.

Johnson's final argument concerns his 71 month sentence instituted under the

previously mandatory Federal Sentencing Guidelines. Johnson argues that the District Court erred because the value of the stolen rings was not proven beyond a reasonable doubt to a jury. He contends that, under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), sentencing pursuant to such judicial factfinding as occurred here is improper. Appellant's Br. at 15 to 16. He concedes, however, that he did not raise a *"Blakely* issue" at sentencing but argues that he was precluded from doing so under our holding in *United States v. Williams,* 235 F.3d 858, 860–63. Appellant's Br. at 16.

After the District Court sentenced Johnson, the Supreme Court decided *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Briefly stated, "[t]he Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act that makes the Guidelines mandatory, was [unconstitutional] and that it must be severed and excised [from the Guidelines]." *United States v. Ordaz,* 398 F.3d 236, 239 (3d Cir.2005). The Court also reaffirmed the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the Court had stated: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In *United States v. Davis,* 407 F.3d 162 (3d Cir.2005) *(en banc),* we explained how we would resolve direct appeals of sentences imposed before *Booker* was decided, where courts had erroneously treated the Guidelines as mandatory rather than advisory. We stated that where we could not determine "whether the District Court would have imposed a greater or lesser sentence under an advisory framework," prejudice in a plain error analysis "can be presumed." *Id.* at 164–65. We reasoned that, given the law of sentencing after *Booker,* "[f]ailure to remand for resentencing ... could adversely affect the fairness and integrity of the proceedings." *Id.* at 165. Thus, we concluded that defendants sentenced under the prior mandatory guideline regime whose sentences were on direct appeal at the time of the *Booker* decision should have their sentencing challenge remanded to the District Court for resentencing pursuant to the pronouncements of *Booker.*

Accordingly, we will affirm Johnson's conviction, but "vacate [his] sentence, and remand for consideration of the appropriate sentence by the District Court." *Davis,* 407 F.3d at 166. However, we will affirm Johnson's conviction and remand for resentencing.